# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRIAN K. HEUSTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 14-CV-408-GKF-FHM |
| | ) |
| DR. TERESE A. HALL, | ) |
| | ) |
| Defendant. | ) |

## **OPINION AND ORDER**

Before the court are the Motion to Remand [Dkt. #8] and Motion for Stay of Proceeding [Dkt. #9] filed by plaintiff Brian K. Heuston ("Heuston").

Heuston, an inmate at James Crabtree Correctional Center in Helena, Oklahoma, filed a pro se petition against defendant Dr. Terese A. Hall ("Dr. Hall") in Tulsa County District Court in Case No. CJ-2014-02421, alleging claims arising from her testimony as an expert on behalf of the prosecution in a criminal case against Heuston. Dr. Hall removed the case to federal court on the basis of federal question jurisdiction. [Dkt. #3]. Heuston filed a "Notice and Plaintiff's Objection to Defendant's Petition for Removal" [Dkt. #8], which the court has construed as a Motion to Remand [Dkt. #10], and a Motion for Stay of Proceedings [Dkt. #9] pending resolution of his Motion to Remand.

### **Allegations of the Petition**

In 2007, Heuston was charged in Washington County District Court, Case No. CF-07-396, with First Degree Burglary and Assault and Battery with Intent to Kill his stepmother. [Dkt. #3, Ex. 2, Petition at 2]. Heuston's defense was not guilty by reason of insanity. [*Id.*]. Dr.

Hall, an expert in forensic psychology, met with and evaluated Heuston. [*Id.*]. Heuston, who contends he has a history of florid psychotic episodes after taking Elavil or chemically related substances, alleges that during trial, Dr. Hall misrepresented his history and denied that testing indicated Heuston had psychotic symptoms. [*Id.* at 3-7].

Ground One of the Petition is titled, "DEFENDANT TERESE A. HALL IS GUILTY OF MALPRACTICE AND PROFESSIONAL NEGLIGENCE, REGARDING HER EVALUATION OF PLAINTIFF AND COURT TESTIMONY." [*Id.* at 2].

Ground Two of the Petition is titled "DEFENDANT TERESE A. HALL IS GUILTY OF THE INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS UPON THE PLAINTIFF." [*Id.* at 8.]

Both Grounds contain allegations that Dr. Hall violated Heuston's federal civil and constitutional rights. In Ground One, Heuston alleges:

> When a person makes false statements, provides misleading information or intentionally omits key information, they are guilty of obstruction of justice and/or conspiracy to violate someone's civil rights. See 18 U.S.C. 1515, 42 U.S.C. 1985, 21 O.S. 421. . .

[*Id.* at 7]. In Ground Two, he states:

> Dr. Hall committed the tort of intentional infliction of emotional distress, amounting to cruel or unusual punishment. This violates Oklahoma Constitution Article 2, Section 9 and the 8th Amendment to the U.S. Constitution.

[*Id.* at 8].

Thus, Heuston accuses Dr. Hall of violations of the federal law against conspiracy to obstruct justice and/or deprive a person of his civil rights (42 U.S.C. § 1985), as well as the Eighth Amendment's prohibition against cruel or unusual punishment.

**Discussion**

Removal of cases based on federal question jurisdiction is governed by 28 U.S.C. § 1441, which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." 28 U.S.C. § 1441(a).

Federal district courts have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States. 28 U.S.C. § 1331. Accordingly, this court has original jurisdiction of Heuston's Eighth Amendment claim against Dr. Hall. Pursuant to 28 U.S.C. § 1343,[1] this court also has original jurisdiction over plaintiff's claim of violations of 42 U.S.C. § 1985. *See Merryfield v. Turner*, 2009 WL 2163122, at *1 (D. Kan. July 17, 2009).

Heuston characterizes his claims as "predominantly state law claims," asserts federal courts "will not normally hear State law claims," and expresses concern that he could be forced to separate his claims and litigate in both state and federal court. [Dkt. #8 at 1-2].

Pursuant to 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." The federal court may decline to exercise supplemental jurisdiction over a state claim (1) if it raises a novel or complex issue of state law, (2) if the state law claim "substantially predominates over the claim or claims over which the district court has original jurisdiction," (3) if the district court has

---

[1] 28 U.S.C. § 1343(a)(1) provides:

(a) The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

(1) To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42[.]

dismissed all claims over which it has original jurisdiction, and/or (4) "where, in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

None of the exceptions are applicable here. Heuston's claims of malpractice/professional negligence and IIED are based on the nucleus of facts giving rise to his federal claims, and thus form part of the same case or controversy. Therefore the court concludes the exercise of supplemental jurisdiction over the state claims is appropriate.

## Conclusion

For the reasons set forth above, Heuston's Motion to Remand [Dkt. #8] is denied. He Motion to Stay [Dkt. #9] is moot.

ENTERED this 28th day of October, 2014.

_____
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT