# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRIAN K. HEUSTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-CV-408-GKF-FHM |
| | ) |
| DR. TERESE A. HALL, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

On June 23, 2014, Plaintiff, a prisoner appearing pro se, filed a civil petition in Tulsa County District Court, Case No. CJ-2014-2421 (Dkt. # 3-2). On July 17, 2014, Defendant filed a notice of removal. On July 28, 2014, Plaintiff filed a motion to remand (Dkt. # 8) and a motion to stay (Dkt. # 9). In an Opinion and Order filed October 28, 2014 (Dkt. # 17), the Court denied the motion to remand and found the motion to stay was moot. For the reasons discussed below, the Court sua sponte dismisses this action with prejudice for failure to state a claim upon which relief may be granted.

**A. Dismissal standard**

To avoid dismissal for failure to state a claim under FED. R. CIV. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. Id. at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief,"

the cause of action should be dismissed. Id. at 558. Twombly articulated the pleading standard for all civil actions. See Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009).

A pro se plaintiff's complaint must be broadly construed under this standard. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous construction to be given the pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." Id. A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Twombly, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997). A district court may dismiss sua sponte a complaint under Rule 12(b)(6) "when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." Hall, 935 F.2d at 1110 (internal quotation omitted).

**B. Petition fails to state a claim upon which relief may be granted**

In the petition (Dkt. # 3-2), Plaintiff complains that Defendant Hall, a psychologist hired by the Washington County District Attorney, testified falsely at his criminal trial, held in Washington County District Court, Case No. CF-2007-396. In that case, Plaintiff was convicted of First Degree Burglary and Assault and Battery With Intent to Kill his stepmother, Kathryn Heuston. Plaintiff states that he argued he was not guilty by reason of insanity.

In Ground One of his petition, Plaintiff accuses Defendant Hall of malpractice, professional negligence, and "obstruction of justice and/or conspiracy to violate someone's civil rights. See 18 U.S.C. 1515, 42 U.S.C. 1985, 21 O.S. 421." (Dkt. # 3-2 at 2-7). Plaintiff claims that "Dr. Hall's evaluation report was seriously deficient for omitting . . . key information, and in fact, denying it. Her court testimony was clearly and obviously tailored to fit the prosecution's case. The people who paid her." Id. at 3. He further alleges that "[i]n Dr. Hall's testimony in Plaintiff's Washington County jury trial on 08-12-08, there are 17 pages of testimony, pages 488 through 505. There are several instances of grossly misleading statements, or outright perjury." Id. at 6. Plaintiff identifies specific statements made by Dr. Hall as perjury. Id.

In Ground Two, Plaintiff alleges that Defendant is guilty of intentional infliction of emotional distress, "amounting to cruel or unusual punishment. This violates Oklahoma Constitution Article 2, Section 9 and the 8th Amendment to the U.S. Constitution." Id. at 8. Plaintiff claims that he "would not have been convicted and sent to prison were it not for Dr. Hall's outrageous conduct. Or, in the alternative, Plaintiff would have received a much more lenient sentence had Dr. Hall fully and accurately reported his severe allergy and the side effects on him of Elavil and chemically related substances . . . . " Id.

3

In his request for relief, Plaintiff asks for "compensatory damages of Ten million dollars ($10,000,000.00), and punitive damages of Thirty million dollars ($30,000,000.00)." Id. at 10.

**1. Witness immunity**

The Court sua sponte finds that this action shall be dismissed for failure to state a claim upon which relief may be granted. Witnesses are absolutely immune from civil liability for any claim arising out of their testimony at trial, even if that testimony is perjurious. Briscoe v. LaHue, 460 U.S. 325, 341, 345-46 (1983). The immunity of parties and witnesses from liability in damages for their testimony in judicial proceedings was established early in English common law. See Briscoe, 460 U.S. at 330-31 (citing Cutler v. Dixon, 76 Eng. Rep. 886 (K.B. 1585); Anfield v. Feverhill, 80 Eng. Rep. 1113 (K.B. 1614); Henderson v. Broomhead, 157 Eng. Rep. 964, 968 (Ex. 1859); and Dawkins v. Lord Rokeby, 176 Eng. Rep. 800, 812 (C.P. 1866) as early English authority for the immunity doctrine). Federal constitutional jurisprudence has extended witness immunity to civil suits brought under 42 U.S.C. § 1983. Id. at 345-46; Miller v. Glanz, 948 F.2d 1562, 1571-72 (10th Cir. 1991) (extending Briscoe ruling to conspiracies to present perjured testimony); Snell v. Tunnell, 920 F.2d 673, 686 (10th Cir. 1990). Witness immunity also bars Plaintiff's state law negligence claims. See Gilchrist v. Bd. of Review of Okla. Emp't Sec. Comm'n, 94 P.3d 72, 77-78 (Okla. 2004) (Opala, V.C.J., concurring); Cooper v. Parker-Hughey, 894 P.2d 1096, 1098-99 (Okla. 1995); see also State ex rel. Okla. Bar Ass'n v. Dobbs, 94 P.3d 31, 45 n.24 (Okla. 2004) (listing Oklahoma cases including Hammett v. Hunter, 117 P.2d 511, 511 (Okla. 1941) (stating in the court's syllabus: "1. Defamatory words published by the parties, counsel or witnesses, in due course of a judicial proceeding and which are connected with, or relevant or material to, the cause in hand or subject of inquiry, constitute an absolutely privileged communication, and no action will lie therefor, however

4

false or malicious they may in fact be."); Kirschstein v. Haynes, 788 P.2d 941 (Okla. 1990) (holding that (1) the immunity doctrine applies not only to defamation suits, but also to suits for intentional infliction of emotional distress arising from the same circumstances as the defamation claim and that (2) the doctrine encompasses communications made preliminary to judicial or quasi-judicial proceedings); see also Pacific Emp'rs Ins. Co. v. Adams, 168 P.2d 105 (Okla. 1946) (holding that statements made in a physician's report attached to pleading filed with State Industrial Court are immune); Hughes v. Bizzell, 117 P.2d 763 (Okla. 1941) (holding that statements made at a hearing before University Board of Regents to determine if discharge of employee should be upheld are immune); Sanford v. Howard, 95 P.2d 644 (Okla. 1939) (holding that statements made during session of University Board of Regents concerning purported immoral conduct of employee are immune); Dickerson v. Crozier, 261 P. 545 (Okla. 1927) (holding that statements made in complaint filed with city police court are immune)).

In light of those authorities, and under the facts of this case as alleged in the petition, the Court finds Defendant Hall is entitled to absolute immunity from civil liability. For that reason, this action shall be dismissed with prejudice for failure to state a claim upon which relief may be granted.

### 2. Constitutional claims precluded under Heck v. Humphrey

Even if Defendant Hall were not entitled to witness immunity, Plaintiff's constitutional claims would nonetheless be subject to dismissal. In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court determined that damages may not be recovered "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," id. at 486, unless the plaintiff first proves "that the conviction or

5

sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" Id. at 487; see also Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

In this case, Plaintiff specifically alleges that he "would not have been convicted and sent to prison were it not for Dr. Hall's outrageous conduct." (Dkt. # 3-2 at 8). If the Court were to find merit to Plaintiff's claims, then "success in [Plaintiff's] § 1983 damages action would implicitly question the . . . duration of [Plaintiff's] sentence," and because Plaintiff has failed to allege that he has "achieve[d] favorable termination of his available state, or federal habeas, opportunities to challenge the underlying . . . sentence," Plaintiff's federal cause of action is subject to being dismissed without prejudice. Muhammad v. Close, 540 U.S. 749, 751 (2004). Thus, assuming without finding that Defendant Hall were not entitled to absolute witness immunity, Plaintiff's federal claims would be dismissed without prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED** that because Defendant Hall is entitled to absolute witness immunity, the civil petition fails to state a claim upon which relief may be granted. For that reason, this action is **dismissed with prejudice**.

**DATED** this 29th day of October, 2014.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT